**Zhong–Qi LIU, Petitioner,**

v.

**John ASHCROFT, Attorney General of United States of America.**

No. 03–1649.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 25, 2004.

Decided March 8, 2004.

---

Tahir Mella, Philadelphia, PA, for Petitioner.

Emily A. Radford, Douglas E. Ginsburg, Papu Sandhu, Lyle D. Jentzer, Aviva L. Poczter, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before RENDELL, BARRY and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Zhong Qi Liu filed this petition for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal and ordering his deportation. For the following reasons, we will deny the petition.

On January 31, 1999, Zhong Qui Liu, a 32–year–old native and citizen of the People's Republic of China unlawfully entered the United States at St. John, Virgin Islands. He was neither admitted nor paroled after inspection by an immigration officer. On February 1, 1999, the Immigration and Naturalization Service ("INS")[1] commenced removal proceedings by issuing a Notice to Appear charging Liu as an alien present in the United States without being admitted or paroled in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(6)(A)(i)(2003). In March of 1999, he filed an application for asylum with the former INS. Liu was represented by counsel throughout the removal proceedings.

Liu appeared before the immigration court in New York on October 13, 1999, but was granted a change in venue to Philadelphia. At the February 3, 2000 hearing before an immigration judge in Philadelphia, Liu admitted all of the allegations in the Notice to Appear and conceded removability. His counsel renewed his application for asylum and withholding of removal under the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1227(a)(1)(A), and for protection under the Convention Against Torture. After a substantive hearing on June 21, 2000, the immigration judge rendered an oral decision denying Liu's application for asylum and withholding of removal under the Act and relief under the Convention Against Torture, and ordering Liu's removal to the People's Republic of China. Liu appealed

---

1. The INS ceased to exist and its functions were transferred to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement effective March 1, 2003. *See* Homeland Security Act, 116 Stat. 2135, Pub. L. 107–296 § 441 (2002).

the decision to the BIA which dismissed the appeal on February 5, 2003, finding Liu lacked credibility. Liu filed the Petition for Review before us now.[2] We have jurisdiction to review the decision of the BIA as it constitutes the final order of removal. 8 U.S.C. § 1252(b)(2003); *Abdulai v. Ashcroft,* 239 F.3d 542, 548–49 (3d Cir.2001).

Liu claims that he is entitled to asylum as a refugee because he suffered past persecution and has a well-founded fear of future persecution given his opposition to the population control program in China. The Act authorizes the Attorney General in his discretion to grant asylum to a deportable alien who is deemed to be a "refugee" within the meaning of section 1101(a)(42)(A) of the Act. 8 U.S.C. § 1158(b)(1)(2003). That section defines "refugee" as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and who is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. . . .

8 U.S.C. § 1101(a)(42)(A). As to Liu's claim regarding China's population control policy, the Act further provides:

a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B). An applicant for asylum bears the burden of establishing that he qualifies as a "refugee" under the Act.[3] *Gao v. Ashcroft,* 299 F.3d 266, 271–72 (3d Cir.2002). Testimony alone is sufficient to meet this burden, if the testimony is credible. *Id.* The operative facts culled from Liu's hearing testimony and application for asylum are as follows.

Liu left China in November 1998, leaving behind his wife of seven (7) years and five (5)-year old son to avoid persecution in the form of arrest and possible sterilization due to his opposition to China's population control policy. After the birth of his son in 1993, Liu's wife was fitted with a mandatory intrauterine device ("IUD"). But Liu and his wife wanted a second child and had a private physician remove the IUD in April 1996. Liu's wife became pregnant and hid at a relatives' home to conceal the pregnancy from population control officials. When in May of 1997 population control officials discovered that Liu's wife

---

**2.** Liu's claim under the Convention Against Torture was not appealed to the BIA. We will not consider the issue as part of this appeal given Liu's failure to exhaust his administrative remedies in that regard.

**3.** Asylum applications constitute simultaneous applications for withholding of removal. *See* 8 C.F.R. § 208.3(b); *Mulanga v. Ashcroft,* 349

F.3d 123, 132 (3d Cir.2003). But if an alien fails to establish the well-founded fear of persecution necessary to gain asylum, the withholding of removal claim will necessarily fail given its higher clear probability burden of proof. *Zubeda v. Ashcroft,* 333 F.3d 463, 469–470 (3d Cir.2003).

was seven (7) months pregnant with her second child, she was forced to undergo an involuntary abortion. Liu and his wife went into hiding at his brother's home in July 1998. Liu remained in hiding until November 1998 when he fled China to avoid arrest and possible sterilization for violating the population control policy. If found, Liu's wife could be sterilized as a result of her defying the one-child rule. Liu may be arrested and sterilized on his return if his wife does not report to authorities and undergo sterilization in order to procure his release. Since Liu left China he has been in telephone contact with his wife, who remains in hiding along with his son at her brother's home for fear of repercussions from violating the population control policy. Liu testified that nothing has happened to his wife since he fled China.

In dismissing Liu's appeal, the BIA found that the discrepancies between Liu's testimony and the statements in his asylum application and its accompanying addendum provided a sufficient basis for an adverse credibility determination. Specifically, Liu's application for asylum and its accompanying addendum vary on dates for key events regarding his claim from those given in his hearing testimony. Liu testified that his son's birthday was March 5, 1993, when the application indicated his son's birth occurred in April 1993. Liu testified that the involuntary IUD insertion occurred in December 1993 but his application states that it occurred in April 1993 shortly after his son's birth. As to the IUD removal, Liu testified that it occurred in April 1996 in contrast to February 1998 as stated in the application. Similar inconsistencies exist regarding the involuntary abortion which he testified occurred in May 1997 rather than November 1998 as stated in his application.

On cross-examination, Liu attributed the inconsistencies to the fact that he did not understand the application and its accompanying affidavit because his attorney completed them in English without Liu's involvement. Liu offered no further explanation despite the filing of a supplemental statement to the immigration judge. The BIA did not find Liu's explanation compelling. The BIA noted that the claim in the asylum application was too similar to his testimony to have been fabricated by his attorney.

We review for abuse of discretion the decision whether to grant or deny asylum. The factual determinations underlying that decision are reviewed for substantial evidence. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We will uphold an agency's findings of fact so long as they are supported by substantial evidence on the administrative record. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). The findings must be upheld if supported by reasonable, substantial, probative evidence on the record considered as a whole. *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir.2003) *(en banc) citing Elias–Zacarias*, 502 U.S. at 481. Adverse credibility determinations constitute findings of fact which must be upheld unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*; 8 U.S.C. § 1252(b)(4)(B) (2003). Such determinations are afforded substantial deference when grounded in record evidence with specific cogent reasons for the determination. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 598 (3d Cir.2003).

We hold that substantial evidence supports the BIA's findings that Liu's claims of persecution were not credible. Liu's asylum claim was dependent on the truth of the factual assertions he offered to buttress his claim. The BIA's adverse credibility finding was supported by substantial

evidence in view of the numerous discrepancies in the dates of events relevant to his claim for asylum as previously set forth. We do not find the evidence of record "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. at 483–84. Consequently, the Petition for Review is denied.